DUNBAR & COMPANY *vs.* CHARLES A. SCOTT, Deputy Sheriff.

A replevin bond was signed by one of three copartners "for and in behalf " of himself and his copartners, as principals, and by two sureties.  The copartners were the plaintiffs in replevin.
*Held,* that the bond was sufficient under Pub. Stat. R. I. cap. 235, § 3.

EXCEPTIONS to the Court of Common Pleas.

In this case, which was replevin, the replevin bond began as follows :  " Know all men that we, Harrison W. Huguley, for and in behalf of Harrison W. Huguley, John C. Franck, and Chester H. Graves, copartners, doing business as Dunbar & Company, of Boston, Suffolk County, State of Massachusetts, as principals, and William H. Williams and Amos M. Hawkins, both of the city and county of Providence, and State of Rhode Island, as sureties."   The bond was in the usual form and was signed " Harrison W. Huguley, for and in behalf of Dunbar & Co.," and by Williams and Hawkins.

*April* 5, 1883.   PER CURIAM.   This case comes up on excep-

tions from the Court of Common Pleas. The action is replevin, brought by Dunbar & Co., a copartnership consisting of Harrison W. Huguley and two other copartners. The replevin bond was signed by Huguley, as principal, in behalf of himself and copartners, and by two sureties, but was not signed by either of the other partners. The defendant moved the dismissal of the action on the ground that the bond was insufficient under Pub. Stat. R. I. cap. 235, § 3, which directs that the officer, before serving the writ, shall " take from the plaintiff, or from some one in his behalf, a bond to the defendant with sufficient sureties," &c. The court denied the motion, and the defendant excepted. We think the motion was rightly denied. A bond given by one of several plaintiffs, in behalf of himself and coplaintiffs, is just as good for the purposes for which the bond is required, as if given by an indifferent person in behalf of all the plaintiffs. We do not think the language of the statute, reasonably interpreted, excludes such a bond. The exceptions are therefore overruled, and the judgment of the court below affirmed, with costs.

*Exceptions overruled.*

*Nathan W. Littlefield*, for plaintiff.
*Charles A. Wilson*, for defendant.